### HUNTER v. WAGNER.

First Division. Juneau. January 9, 1926.

No. 2460–A.

**1. Master and Servant ⬤⇒420—Costs—Workmen's Compensation Act.**

Defendant objects to the allowance of court costs or attorney fee against him under judgment entered against him under section 41, chapter 98, Sess. Laws Alaska 1923, unless the court first determines that the defense was based upon unreasonable grounds. *Held,* the statute provides that, in case of an injury, a specific sum be paid the injured employee as compensation for his injuries; if he is obliged to sue before the court for his compensation, and pay his own costs for the privilege of suing, he would not recover his statutory compensation. It is the opinion of the court that the court costs follow the judgment and should be allowed.

**2. Master and Servant ⬤⇒420—Costs—Attorney's Fees under the Workmen's Compensation Act.**

Chapter 59, Sess. Laws Alaska 1925, provides that, if the court before whom any proceedings are brought under the Workmen's Compensation Act, determines that such proceedings have been brought, prosecuted, or defended without reasonable ground, it may assess a reasonable attorney's fee against the offending party. *Held,* the attorney's fee will not be allowed, without such determination is made by the court.

The defendant, by counsel, objects to the allowance of court costs or attorney's fees against him under the judgment entered against him under the Workmen's Compensation Act. He bases his contention on section 41 of chapter 59 of the Session Laws of

1925, being an amendment of section 41 of chapter 98 of the Session Laws of 1923. This section provides that:

"If the court, before whom any proceedings are brought under this act, determines that such proceedings have been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings upon the party who has so brought, prosecuted, or defended them, including a reasonable attorney's fee to be fixed by the court."

The contention is that under this section no court costs or attorney's fees can be assessed against either party, unless the court first determines that the prosecution or defense was upon unreasonable grounds, and in support thereof a number of cases heretofore decided by Judge Jennings, of this court, are cited, in which no costs were assessed.

James Wickersham, of Juneau, for plaintiff.
Hellenthal & Hellenthal, of Juneau, for defendant.

REED, District Judge. While I have the highest respect for Judge Jennings' opinions as expounding the law correctly, and am disposed to follow his opinion without question in all cases, yet in this matter I cannot do so, for I am of the opinion that the costs of court should follow the judgment, if the party prosecuting the action has secured judgment for the full amount claimed by him. The statutes provides that, when the court determines that the prosecution or defense is without reasonable ground, he may assess the whole costs of the proceedings against the party so offending. It occurs to me that other costs than those incurred in court itself must be incurred if the statute be followed, especially in the case of death, and, when the statute mentions "whole costs," it refers to those costs, as well as to costs of court. In other sections of the statute court costs are provided for, and considering the general rule that, in court proceedings, the costs of court follow a judgment, it is my view that the statute must be specific in abolishing such costs before they should be disallowed.

The statute provides that, in case of an injury, a specific sum be paid the injured employé as compensation for his injuries. If he is obliged to sue before the court for his compensation, and pay his court costs for the privilege of suing, he would not recover his statutory compensation.

I am therefore of the opinion that the court costs follow the judgment in this case, and the same should be allowed.

As to the attorney's fees, a different question arises. This action was brought under the law of 1923, which did not provide for an attorney's fee. Chapter 59 of the Laws of 1925 amended section 41 of Chapter 98 of the Laws of 1923 by including therein "attorney's fees." This section provides for the assessment of all costs and attorney's fees by the court, if the court determines that the prosecution or defense is without reasonable ground. This, as well said by the attorney for the plaintiff, is in the nature of a penalty imposed on the party unreasonably prosecuting or defending an action under the statute. I do not think the defense in this action, in view of the divergent decisions of the courts upon the questions involved, could be said to be "without reasonable ground"; and I very much doubt, if it were without reasonable ground and the court should so determine, that it could be assessed for the reason that it is a penalty attaching after the action was commenced and the defense made, and to assess attorney's fees in such a situation would be giving the statute a retroactive effect.

The objection of defendant to court costs will therefore be disallowed, but sustained as to the allowance of attorney's fees.